## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. |
| LAW OFFICE OF JOHN S. XYDAKIS, P.C., a | ) | |
| dissolved Illinois Professional Corporation, | ) | |
| JOHN S. XYDAKIS, individually and d/b/a the | ) | |
| LAW OFFICE OF JOHN S. XYDAKIS, a sole | ) | |
| proprietorship, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT AND/OR RESCISSION

NOW COMES the Plaintiff, Twin City Fire Insurance Company ("Twin City"), by its attorneys, Michael J. Duffy and Joseph J. Stafford of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment and/or Rescission against the Defendants, Law Office of John S. Xydakis, P.C., John S. Xydakis, individually and d/b/a Law Office of John S. Xydakis, a sole proprietorship (collectively referred to as "Xydakis"), hereby states as follows:

### STATEMENT OF THE CASE

1.      This action seeks a declaration, pursuant to 28 U.S.C. § 2201, that Twin City owes no insurance coverage to Xydakis under the Policy with respect to the lawsuit entitled *Fiona Chen Consulting Company v. Edward Shrock, Law Office of John S. Xydakis, P.C., a dissolved Illinois Professional Corporation, John S. Xydakis, John S. Xydakis, d/b/a Law Office of John S. Xydakis, and Law Office of John S. Xydakis*, Case No. 17 L 5621, pending in the Circuit Court of Cook County, Illinois (the "Chen Lawsuit").

2.     This action further seeks a declaration, pursuant to 28 U.S.C. § 2201, that Twin City owes no insurance coverage to Xydakis under the Policy for three (3) separate motions for sanctions (collectively referred to as the "Spiegel Motions for Sanctions") in connection with various related and consolidated lawsuits styled, *Marshall Spiegel and Chicago Title Trust Co., as Trustee of Trust Number 4179 v. Valerie Hall, et al.*, Case No. 15 L 10817, consolidated with *1618 Sheridan Rd. Condo. V. Marshall Spiegel, et al.,* Case No. 16 L 3564, and *Marshall Spiegel v. William McClintic, et al.*, Case No. 15 CH 18825 – all currently pending in the Circuit Court of Cook County, Illinois (collectively referred to as the "Spiegel Lawsuits").

3.     This is also an action seeking rescission of an insurance policy issued to Xydakis, based on Xydakis' misrepresentations to Plaintiff as respects the nature of his business, operations, and knowledge of prior professional liability claims or his knowledge of any incident, act, error or omission that could result in a claim, prior to executing the application for insurance for the policy with Twin City.

4.     Specifically, Plaintiff seeks rescission of a lawyers' professional liability policy, number LS 1621169, for the policy period beginning January 26, 2017 and ending January 26, 2018 to the Law Office of John S. Xydakis (the "Policy").

### PARTIES

5.     Twin City is an insurance company formed under the laws of the State of Indiana with its principal place of business in Connecticut. Twin City conducts business in Illinois and within the geographical boundaries of this District.

6.     Defendant, Law Office of John S. Xydakis, P.C., is a dissolved professional corporation that was organized under the laws of Illinois, and had its principal place of business

2

in Chicago, Illinois. The Law Office of John S. Xydakis, P.C., was involuntarily dissolved by the Illinois Secretary of State on or about October 11, 2013. The sole member of the Law Office of John S. Xydakis, P.C., was John S. Xydakis, a citizen of Illinois.

7.      Defendant, Law Office of John S. Xydakis is a sole proprietorship engaged in the practice of law in Illinois, with its principal place of business in Illinois. The sole proprietor of the Law Office of John S. Xydakis, is John S. Xydakis, who is a citizen of Illinois and an attorney licensed to practice law in the State of Illinois and who does business as the Law Office of John S. Xydakis.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of costs and interest based potential coverage obligation for the defense of, as well as sums sought in the Chen Lawsuit and the Spiegel Motions for Sanctions, which Xydakis claims Twin City owes under the Policy.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the case concerns coverage under an insurance policy issued in this District, concerning claims pending against putative insureds within the geographical boundaries of this District.

## FACTS

### THE CHEN LAWSUIT

10.      On November 3, 2017, Fiona Chen Consulting Company filed an amended complaint against Xydakis and Edward Shrock. A copy of the Amended Verified Complaint in the Chen Lawsuit is attached as **Exhibit A**.

11.      Chen alleges Xydakis retained it in 2012 to perform expert witness services in connection with a lawsuit Xydakis filed on behalf of one of their clients (Shrock) captioned, *Shrock*

3

*v. Meier*, Case No. 09 L 1455, pending at the time in the Circuit Court of Cook County, Illinois (the "Shrock Lawsuit"). *See*, Ex. A.

12.     The Chen Lawsuit alleges Xydakis entered into multiple oral contracts in 2012 regarding payment of fees to Chen for work as a retained expert witness in the Shrock Lawsuit. *See*, Ex. A.

13.     The Chen Lawsuit alleges that Chen performed work as an expert witness between June 2012 and October 2012. *See*, Ex. A.

14.     The Chen Lawsuit alleges that, despite multiple requests and demands throughout 2012, Xydakis failed to pay Chen for the expert witness services and the work performed. See, Ex. A.

### THE SPIEGEL LAWSUITS/MOTIONS FOR SANCTIONS

15.     The first underlying lawsuit in the Spiegel Lawsuits began on October 26, 2015, when Marshall Spiegel filed a complaint (Case No. 15 L 10817) against Valerie Hall, the alleged treasurer of the 1618 Sheridan Road Condominium Association ("Association"), and other defendants.

16.     Since October 26, 2015, various pleadings and actions have been filed by Xydakis on behalf of Spiegel related to the first underlying lawsuit, and all the related suits (Case Nos. 15 CH 18825 and 16 L 3564) which were consolidated in the Circuit Court of Cook County, Illinois – the Spiegel Lawsuits.

17.     On May 9, 2018, Valerie Hall filed a motion in the Spiegel Lawsuits seeking sanctions pursuant to Illinois Supreme Court Rule 137 against Marshall Spiegel and his attorney, Xydakis ("Hall Motion"). A copy of the Hall Motion is attached hereto as **Exhibit B**.

4

18.     In June or July 2018, Michael Kim filed a motion in the Spiegel Lawsuits seeking sanctions pursuant to Illinois Supreme Court Rule 137 and Section 15 of the Illinois Citizen Participation Act solely against Marshall Spiegel ("Kim Motion"). A copy of the Kim Motion is attached hereto as **Exhibit C.**

19.     On July 11, 2018, Duane Morris LLP filed a motion in the Spiegel Lawsuits seeking sanctions pursuant to Illinois Supreme Court Rule 137 against Marshall Spiegel and his attorney, Xydakis ("Duane Morris Motion"). A copy of the Duane Morris Motion is attached hereto as **Exhibit D.**

### THE APPLICATION AND POLICY

20.     On or about December 11, 2016, Xydakis applied for lawyers' professional liability insurance coverage from Twin City.

21.     In applying for the lawyers' professional liability policy, Xydakis represented that in the past five (5) years, no professional liability claim had ever been made against Xydakis or any predecessor firm or any of the current or former attorneys associated with Xydakis.

22.     Further, Xydakis also represented that he had no knowledge of any incident, act, error or omission that could result in a claim or suit against Xydakis or any predecessor firm or any of the current or former attorneys associated with Xydakis.

23.     On January 18, 2017, Xydakis signed a Notice of Acceptance Letter, affirming the statements made in his December 11, 2016 application for lawyers' professional liability insurance coverage from Twin City.

24.     In fact, however, with respect to the Chen Lawsuit, Xydakis was aware that Chen made multiple specific requests and demands throughout 2012 directly to Xydakis for payment

5

of the money and damages now sought in the Chen Lawsuit, and that Xydakis failed to pay Chen for the expert witness services and the work performed.

25.     Further, with respect to the Spiegel Motions for Sanctions, Xydakis was aware of and received multiple Rule 137 Sanctions letters from various attorneys involved in the Spiegel Lawsuits regarding Xydakis' conduct, alleged in the Motions for Sanctions as early as October 2015.

26.     These notifications demonstrate that Xydakis materially misrepresented facts concerning Plaintiff's acceptance of the risk under the Policy.

27.     In reliance upon the information provided by Xydakis, and in the belief the information was true and complete, Twin City approved Xydakis for and underwrote and issued a claims made and reported Lawyers' Professional Liability Policy, bearing number LS 1621169 for the policy period beginning January 26, 2017 and ending January 26, 2018 to the Law Office of John S. Xydakis (the "Policy"). A copy of the Policy is attached hereto as **Exhibit E**.

28.     The Policy has a $1,000,000 per claim and $1,000,000 aggregate limit of liability, subject to a $5,000 per claim deductible.

29.     Subject to all of its terms, the Policy provides, in part as follows:

**THIS IS A CLAIMS MADE AND REPORTED POLICY. PLEASE READ IT CAREFULLY. COVERAGE APPLIES ONLY TO CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD OR APPLICABLE EXTENDED REPORTING PERIOD AND REPORTED IN WRITING TO THE COMPANY IMMEDIATELY BUT IN NO EVENT LATER THAN SIXTY (60) CALENDAR DAYS AFTER THE EXPIRATION DATE OF THE POLICY PERIOD OR APPLICABLE EXTENDED REPORTING PERIOD. ...**

*     *     *

**SECTION I: SCOPE OF COVERAGE**

A.     **COVERAGE AGREEMENT**

6

We will pay on behalf of an **insured,** subject to the **limit of liability**, such **damages** and **claims expenses** in excess of the applicable deductible amount for **claims** made during the **policy period** or applicable **extended reporting period** and reported in writing to us immediately, but in no event later than sixty (60) calendar days after the expiration date of the **policy period** or applicable **extended reporting period.** The **damages** must arise out of a negligent act, error, omission or **personal injury** in the rendering of or failure to render **professional legal services** or **non-profit services** for others by you or on your behalf provided always that the negligent act, error, omission or **personal injury** occurs on or after the **retroactive date** as stated in the Declarations.

B.      **DEFINITIONS**

Whenever used in the policy:

*          *          *

2.      **Claim** means:

a.      A demand received by an **insured** for money or services alleging a negligent act, error, omission or **personal injury** in the rendering of or failure to render **professional legal services** or **non-profits services** for others by you or on your behalf;

b.      Service or receipt of a suit or arbitration proceedings or any other alternative dispute resolution proceeding in which **damages** are claimed; ...

*          *          *

4.      **Damages** means compensatory damages that an **insured** becomes legally obligated to pay as a result of any judgment, award or settlement, provided any settlement is negotiated with our assistance and approval.

**Damages** do not include:

a.      Any fines, sanctions or penalties, or punitive or exemplary damages;

7

b. Restitution, reduction, or set off of any fees, other consideration, and/or expenses paid to or charged by an **insured** for **professional legal services**;

c. Any damages which are a multiple of compensatory damages awarded against an **insured**;

d. Matters deemed uninsurable by law; or

e. Equitable, injunctive or other non-monetary relief.

*    *    *

7. **Insured** means:

a. The **named insured** and **predecessor firm(s)**;

b. Any lawyer who was, is now or hereafter becomes a principal, officer, director, employee, principal shareholder or member of yours, but only while acting within the scope of their duties for you;

*    *    *

10. **Named insured** means the individual or entity stated in the Declarations.

*    *    *

15. **Predecessor firm** means any legal entity disclosed to us which was engaged in the practice of law and to whose financial assets and liabilities the **named insured** is the majority successor in interest.

16. **Professional legal services** means services performed or advice given by you or on your behalf, including pro bono services performed with the written consent of the named insured, for others in the conduct of your practice as a:

c. Lawyer;
d. Real estate title insurance agent;
e. Notary public;
f. Arbitrator;
g. Mediator;

8

h. **Lobbyist;**
i. Member, director, or officer of any attorneys' bar association, its governing board or any of its committees; or
j. Administrator, conservator, executor, guardian, trustee, receiver, or any similar fiduciary capacity.

\*       \*       \*

18. **Retroactive date** means the date specified in the Declarations, or in any endorsement attached to this policy, on or after which the negligent act, error, omission, or **personal injury** must have occurred in order for any **claim** or notice of circumstance given to us pursuant to **SECTION IV: A. AWARENESS OF CIRCUMSTANCES and B. NOTICE OF CLAIM** to be covered under this policy.

\*       \*       \*

## SECTION III: EXCLUSIONS

This insurance does not apply to claims:

1. Arising out of any dishonest, fraudulent, criminal or malicious act, error, omission, **personal injury** or **non-profit service** committed by, at the direction of, or with the knowledge of an **insured**...

\*       \*       \*

9. Arising out of a negligent act, error, omission, **personal injury** or **non-profit service** occurring prior to the inception date of this policy if any **insured** prior to the inception date knew or could have reasonably foreseen that such negligent act, error, omission or **personal injury** might be expected to be the basis of a **claim**.

\*       \*       \*

*See*, Ex. E.

30. The "retroactive date" listed on the Declarations page of the Policy is January 26, 2016. *See*, Ex. E.

31. Xydakis has sought coverage from Twin City for the liability in the Chen Lawsuit and Twin City has denied it owes defense or indemnity obligations for the Chen Lawsuit.

9

32.     Xydakis has also sought coverage from Twin City for the Spiegel Motions for Sanctions in connection with the Spiegel Lawsuits and Twin City has denied it owes defense or indemnity obligations for the Spiegel Motions for Sanctions.

33.     An actual and justiciable controversy exists between Twin City and Xydakis as to the availability of insurance coverage for Xydakis with respect to the claims in both the Chen Lawsuit as well as the Spiegel Motions for Sanctions.

34.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
## Chen Lawsuit – Policy's Retroactive Date Avoids Coverage

35.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

36.     Subject to its terms and conditions, the Policy provides coverage for "claims" made against an "insured" and reported to Twin City during the policy period beginning on January 26, 2017 and extending through January 26, 2018, provided always that any act, error, omission, or "personal injury" occurs on or after the "retroactive date" as stated in the Declarations. *See*, Ex. E.

37.     All of the alleged activity in the Chen Lawsuit occurred prior to January 26, 2016.

38.     As all of the alleged activity occurred prior to the Policy's retroactive date of January 26, 2016, the Coverage Agreement of the Policy does not provide coverage for the claims in the Chen Lawsuit.

10

39.     Accordingly, Twin City owes neither defense nor indemnity obligations to Xydakis for the Chen Lawsuit.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, pray that this Court enter the following relief:

A.     A declaration finding that Twin City owes no duty to defend or indemnify Xydakis for the claims in the Chen Lawsuit; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT II
## Chen Lawsuit – Does Not Fall Within the Coverage Agreement

40.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

41.     Subject to its terms and conditions, the Policy provides coverage for "claims" made against an "insured" for "damages" arising from a negligent act, error, omission or 'personal injury' in the rendering or failure to render 'professional legal services'." *See*, Ex. E.

42.     The Chen Lawsuit does not concern a "claim" for "damages" arising from a negligent act, error, omission or "personal injury" in the rendering or failure to render "professional legal services", as required by the Policy.

43.     As no alleged activity by Xydakis constitutes a negligent act, error, omission or "personal injury" in the rendering or failure to render "professional legal services", the claims in the Chen Lawsuit do not fall within the Coverage Agreement of the Policy.

44.     Accordingly, Twin City owes no defense or indemnity obligation to Xydakis for the Chen Lawsuit.

11

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, pray that this Court enter the following relief:

A. A declaration finding that Twin City owes no duty to defend or indemnify Xydakis for the claims in the Chen Lawsuit; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT III
### Chen Lawsuit – Law Office of John S. Xydakis P.C. Is Not "Insured" Under Policy

45. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

46. The Policy only provides coverage to an "insured".

47. The Law Office of John S. Xydakis, P.C., a dissolved Illinois Professional Corporation is not an "insured" under the Policy.

48. As the Law Office of John S. Xydakis, P.C. is not an "insured" under the Policy, Twin City owes neither defense nor indemnity obligations to the Law Office of John S. Xydakis, P.C., for the Chen Lawsuit.

WHEREFORE, Plaintiff Twin City Fire Insurance Company, pray that this Court enter the following relief:

A. A declaration finding that Twin City owes no duty to defend or indemnify the Law Office of John S. Xydakis, P.C. for the claims in the Chen Lawsuit; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT IV
### Chen Lawsuit – Prior Knowledge Exclusion Precludes Coverage

12

49.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

50.    The Policy excludes coverage for any "claim" that arises out of an act, error, omission or "personal injury" that occurred prior to the inception date of the policy if the "insured" knew or could have reasonably foreseen that such act, error, omission, or "personal injury" might be expected to be the basis of a "claim". *See*, Ex. E.

51.    The Chen Lawsuit specifically alleges that Chen informed Xydakis on numerous occasions in 2012 of the failure to pay the requested amount pursuant to an oral contract – $390,180.18.

52.    Even assuming coverage otherwise existed under the Policy, Xydakis knew or should have reasonably foreseen that the failure to pay the requested amount by Chen might be expected to be the basis of a "claim" before the Policy was issued.

53.    Accordingly, Twin City owes neither defense nor indemnity obligations to Xydakis for the Chen Lawsuit.

WHEREFORE, Plaintiff Twin City Fire Insurance Company, pray that this Court enter the following relief:

A.    A declaration finding that Twin City owes no duty to defend or indemnify Xydakis for the claims in the Chen Lawsuit; and

B.    For all such just and equitable relief, including costs of this suit.

### COUNT V
### Spiegel Motions for Sanctions – No "Claim" Made and Reported Within the Policy Period

54.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

13

55.     Subject to its terms and conditions, the Policy provides coverage for "claims" first made against an "insured" and reported in writing to Twin City during the policy period beginning on January 26, 2017 and ending on January 26, 2018.

56.     The "insured" must report the "claim" immediately to Twin City but in no event later than sixty (60) days after the policy ends or within any applicable extended reporting. *See*, Ex. E.

57.     Xydakis neither renewed the Policy nor purchased an extended reporting period.

58.     The Spiegel Motion for Sanctions are not "claims" made against Xydakis and reported to Twin City during the policy period or within sixty (60) days of the expiration of the Policy, i.e., reported before March 27, 2018.

59.     Accordingly, Twin City owes no defense or indemnity obligation to Xydakis for the Spiegel Motions for Sanctions.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, pray that this Court enter the following relief:

A.      A declaration finding that Twin City owes no duty to defend or indemnify Xydakis for the claims in the Spiegel Motions for Sanctions; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT VI
## Spiegel Motions for Sanctions – No "Claim" Made and Reported for Kim Motion

60.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

61.     Subject to its terms and conditions, the Policy only provides coverage for "claims" against an "insured". *See*, Ex. E.

14

62.     The Kim Motion only seeks sanctions against Marshall Spiegel, not Xydakis.

63.     As the Kim Motion is not a "claim" made against Xydakis, Twin City owes no defense or indemnity obligation to him for the Kim Motion.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, pray that this Court enter the following relief:

A.     A declaration finding that Twin City owes no duty to defend or indemnify Xydakis for the Kim Motion; and

B.     For all such just and equitable relief, including costs of this suit.

### COUNT VII
### Spiegel Motions for Sanctions – Policy's Definition of "Damages" Avoids Coverage

64.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

65.     The Hall Motion seeks sums from Xydakis solely in the form of sanctions, pursuant to Illinois Supreme Court Rule 137. *See*, Ex. B.

66.     The Kim Motion states no "claim" and seeks no sums from Xydakis. *See*, Ex. C.

67.     The Duane Morris Motion seeks sums from Xydakis solely in the form of sanctions, pursuant to Illinois Supreme Court Rule 137. *See*, Ex. D.

68.     The Policy, subject to all of its provisions, only covers "damages", and "damages" is defined not to include "[a]ny fines, sanctions or penalties, or punitive or exemplary damages..." *See*, Ex. E.

69.     The Spiegel Motions for Sanctions do not seek the recovery of "damages" as defined by the Policy.

15

70.     As such, Twin City owes neither defense nor indemnity obligations to Xydakis for the Spiegel Motions for Sanctions.

WHEREFORE, Plaintiff Twin City Fire Insurance Company, pray that this Court enter the following relief:

A.     A declaration finding that Twin City owes no duty to defend or indemnify Xydakis for the claims in the Spiegel Motions for Sanctions; and

B.     For all such just and equitable relief, including costs of this suit.

### COUNT VIII
### Spiegel Motions for Sanctions – Policy's Retroactive Date Avoids Coverage

71.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

72.     Subject to its terms and conditions, the Policy provides coverage for "claims" made against an "insured" and reported during the policy period beginning on January 26, 2017 and extending through January 26, 2018, "provided always that the negligent act, error, omission, or **personal injury** occurs on or after the **retroactive date** as stated in the Declarations," which is listed as January 26, 2016. *See*, Ex. E.

73.     The Spiegel Motions for Sanctions concern activity occurring prior to January 26, 2016.

74.     To the extent the activity in question in the Spiegel Motions for Sanctions occurred prior to the Policy's retroactive date, the Spiegel Motions for Sanctions do not fall within the Coverage Agreement of the Policy.

75.     Accordingly, Twin City does not owe coverage for said activity.

16

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, pray that this Court enter the following relief:

A. A declaration finding that Twin City owes no coverage to Xydakis for the pre-retroactive date activity at issue in the Spiegel Motions for Sanctions; and

B. For all such just and equitable relief, including costs of this suit.

### COUNT IX
### Spiegel Motions for Sanctions – Dishonest or Malicious Act Exclusion Precludes Coverage

76. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

77. The Policy excludes coverage for any "claim" that arises out any dishonest, fraudulent, criminal, or malicious act, error, or omission committed by the "insured". *See*, Ex. E.

78. The Spiegel Motions for Sanctions allege, and are predicated upon, Xydakis' intentional interference, harassment, dishonest, and malicious conduct in connection with the Spiegel Lawsuits.

79. Accordingly, Twin City does not owe any defense or indemnity obligation to Xydakis for the Spiegel Motions for Sanctions based on the application of the Dishonest or Malicious Act Exclusion of the Policy.

WHEREFORE, Plaintiff Twin City Fire Insurance Company, pray that this Court enter the following relief:

A. A declaration finding that Twin City owes no duty to defend or indemnify Xydakis for the Spiegel Motion for Sanctions; and

B. For all such just and equitable relief, including costs of this suit.

### COUNT X

17

**Spiegel Motions for Sanctions – Prior Knowledge Exclusion of the Policy Excludes Coverage**

80.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

81.     Subject to its terms and conditions, the Policy excludes coverage for any "claim" that arises out of activity that occurred prior to the inception date of the Policy if the "insured" knew or could have reasonably foreseen that such activity might be expected to be the basis of a "claim". *See*, Ex. E.

82.     The Spiegel Motions for Sanctions all allege that Xydakis was informed of the wrongful nature of his actions before the Policy incepted.

83.     Xydakis knew or should have reasonably foreseen that his actions might be expected to be the basis of a "claim".

84.     Accordingly, Twin City does not owe any defense or indemnity obligation to Xydakis for the Spiegel Motions for Sanctions based on the application of the Prior Knowledge Exclusion of the Policy.

WHEREFORE, Plaintiff Twin City Fire Insurance Company, pray that this Court enter the following relief:

A.     A declaration finding that Twin City owes no duty to defend or indemnify Xydakis for the claims in the Spiegel Motions for Sanctions; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT XI**
**Rescission of Twin City's Lawyers' Professional Liability Policy**

85.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

18

86. Xydakis fraudulently, knowingly or otherwise made material misrepresentations and/or omissions concerning the nature of his business, operations, and knowledge in applying for the issuance of the lawyers' professional liability policy from Twin City to induce Twin City to act favorably on issuing the Policy.

87. In underwriting and issuing the Policy, Twin City reasonably relied to its detriment on the belief that Xydakis had truthfully and fully disclosed all pertinent information relating to the nature of Xydakis' business, operations, and knowledge.

88. Xydakis' non-disclosure and misrepresentations materially affected the risk assumed by Twin City in underwriting and issuing lawyers' professional liability insurance to Xydakis.

89. Had Twin City known the true facts concerning the nature of Xydakis' business, operations, and knowledge related to both the Chen Lawsuit and the Spiegel Motions for Sanctions, it would have declined to offer the Policy and/or requested additional premium.

90. Xydakis' lawyers' professional liability insurance coverage is void *ab initio* based on the material misrepresentations and/or omissions in Xydakis' applying for coverage.

91. Twin City is legally excused from performing any obligations under the Policy, which was void *ab initio*, based on the material misrepresentation and/or omissions made by Xydakis in applying for coverage.

92. Upon an order rescinding the Policy, Twin City will return all premiums Xydakis paid for the Policy.

WHEREFORE, Twin City requests that this Court enter a judgment rescinding lawyers' professional liability insurance policy number LS 1621169 issued to Xydakis, declaring that it is

void *ab initio*, releasing Twin City from any liability on claims brought with regard to same, and

any and all other relief this Court deems just and equitable, including, but not limited to, an award

of costs incurred in having to prosecute this action.

Respectfully Submitted,

By:  /s/ Michael J. Duffy
         One of the Attorneys for Twin City Fire
         Insurance Company

Michael J. Duffy (6196669) – michael.duffy@wilsonelser.com
Joseph J. Stafford (6307076) – joseph.stafford@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2018, I electronically filed the aforesaid document(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system and/or U.S. Mail. Parties may access this filing through the Court's system.

/s/ Michael J. Duffy

2581718v.1