**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TWIN CITY FIRE INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-6387 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| LAW OFFICE OF JOHN S. XYDAKIS, P.C., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, Defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [86] is denied.

**STATEMENT**

In this declaratory judgment action, Plaintiff Twin City maintains that it has no coverage obligations as to any of the underlying lawsuits and seeks a ruling to that effect as a result of the Xydakis Defendants' tender as to defense and indemnity for two lawsuits ("Chen" and "Spiegel") and Twin City's actual notice of a third ("Klein"). Twin City has indicated that this declaratory judgment litigation may not be necessary if the Xydakis Defendants agree to withdraw their tender and/or disclaim any rights to defense and/or indemnity. At present, the Court has not been advised of any such withdrawal or disclaimer.

The Xydakis Defendants have moved to dismiss the litigation under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The motion essentially seeks reconsideration of the Court's prior rulings [see 33, 68] concluding that it has jurisdiction over this action. Defendants' motion ranges far and wide for precedent, including citing many cases from other circuits. But the principles undermining Defendants' position are simply stated in the case law of this circuit and the district court decisions following it.

For starters, the amount in controversy is measured from the date of filing or removal. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). Moreover, the amount in controversy concerns "what the plaintiff is claiming . . . not whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). In addition, in a declaratory judgment action concerning an insurer's duty to defend and indemnify, the costs of indemnification count toward the amount in controversy. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538-39 (7th Cir. 2006); see also *Midland Mgmt. Co. v. American Alternative Ins. Corp.*, 132 F. Supp. 3d 1014, 1020 (N.D. Ill. 2015) ("[w]hether the insurer must foot the bill for defense and liability in the underlying suit is the essence of the

coverage dispute, so of course [both defense and indemnity] count") (citing *Macken*, 333 F.3d at 799-800); *State Auto Property & Cas. Ins. Co. v. Perez*, 2013 WL 12242006, at *1 (C.D. Ill. July 16, 2013) ("when an insurer seeks a declaration that it has no duty to defend or indemnify an insured in a particular claim, the amount in controversy includes the potential cost of indemnity, even if the issue of indemnity is not yet ripe").

Here, each of the underlying lawsuits—Chen, Spiegel, and Klein—seeks in excess of $75,000. [See 33, at 7-8; 50 at ¶ 33.] Application of fact to law therefore makes clear the existence of subject matter jurisdiction in this case and the absence of any merit in the instant motion.

Dated: March 30, 2020

_____
Robert M. Dow, Jr.
United States District Judge